Dear Mr. Owens:
In response to your inquiry of recent date, note that the law does not prohibit one from holding full-time employment as a municipal police officer while holding the local elective office of constable. The provisions of the Louisiana Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq., particularly R.S. 42:63(D), prohibit an elected official from holding "employment. . . . .in the same political subdivision in which he holds elected office." As the political subdivision of a constable is the ward from which he is elected, as opposed to the municipality in which he holds employment, the prohibition of R.S. 42:63(D) is inapplicable. See R.S. 42:62(9).[1] In accord are Opinions 97-303 and 96-217, copies attached.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL KLK:arg *Page 2 
RICHARD P. IEYOUB ATTORNEY GENERAL
AUGUST 26, 1997
OPINION NUMBER 97-303
Mr. Gary Pelican Assistant Chief Kinder Police Department P.O. Drawer AH Kinder, LA 70648
78 — Dual Officeholding
57 — Justices of the Peace and Constables
An elected ward-constable may hold full-time employment as an assistant chief of police in a Lawrason Act Municipality.
Dear Mr. Pelican:
This office is in receipt of your opinion request in which you ask if it is lawful for a full-time assistant chief of police of a small town (population under 4,000) to also hold an elected office as ward constable of a rural parish.
Louisiana dual officeholding law, LSA-R.S. 42:63(D) states as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of the state or in the government of a political subdivision thereof. No person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
The definitions pertaining to dual officeholding are provided in LSA-R.S. 42:62, which states in part:
 (1) "Elective Office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established *Page 3 
or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
Clearly, the office of constable is an elective office in accordance with the above definition. The issue then becomes whether the office of assistant chief of police is an appointive office or a position that would be considered employment. This office has held that a constable may not simultaneously hold the office of chief of police, regardless of whether the chief of police position was elective as in Opinion No. 96-517, or appointive as in Opinion No. 96-477. This office has also held that a constable may hold full-time employment as a municipal police officer (per Opinion Nos. 97-214 and 94-609). It is thus clearly permissible for you to hold the elective office of constable and employment as a police officer for the Town of Kinder.
LSA-R.S. 33:381 (A) states:
 "The officers of every municipality shall be a mayor, alderman, a chief of police, a tax collector, a clerk, and a street commissioner."
Assistant chief of police is not listed as an "officer" of a Lawrason Act Municipality. LSA-R.S. 33:362(3) states in part that:
 . . .the board of alderman shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees."
As the position of assistant chief of police is not one of the enumerated "officers" in a lawrson act municipality, it is our opinion that it is an employed position as is any other municipal police officer. Since the provision in LSA-R.S. 42:63(D), prohibits "an elective office from holding employment . . . in the same political subdivision in which he holds an elective office" and since the constable position and assistant chief of police position are from different political subdivisions, it is permissible for you to hold the elective office of constable and the full-time employed position of assistant chief of police. *Page 4 
We trust that this opinion sufficiently addresses your concerns. If our office may be of any further assistance, please do not hesitate to contact us at your convenience.
 Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:__________________________ J. RICHARD WILLIAMS Assistant Attorney General
 RPI:JRW:glb *Page 5 
June 11, 1996.
OPINION NUMBER 96-217
Two supplemental payments from the state may be paid to the same person when qualified under each position for supplemental state pay.
57 Justice of the Peace
60 Law Officers
R.S. 33:2218.2
R.S. 13:2591
Howard Elliott, Esq. General Counsel Dept. of Public Safety 
Corrections P.O. Box 66614 Baton Rouge, LA 70896
Dear Mr. Elliott:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Municipal Police Supplemental Pay Board of Review. You indicate in accordance with R.S. 33:2218.7 the Board has been presented with six cases from full-time municipal policemen who receive supplemental pay and who have also applied for supplemental pay under R.S. 13:2591 for their positions as a Justice of the Peace or as Constables. Accordingly, you ask if an individual can receive two supplemental payments if the individual is qualified for both payments.
You further ask in the event the payments have been made erroneously, should demand be made on the recipients for monies improperly received, and if so, who should make demand for the return of the Justice of the Peace and Constable supplemental pay.
We note that in each of the six cases the individuals have been employed as full-time municipal police officers for a number of years and in the last few years have also become either Constables for their Wards, a Constable for the Justice of the Peace Court and in one case has been elected to the office of Justice of the Peace. Having subsequently assumed the position of constable or justice of the peace, these police officers, have applied for or intend to apply for supplemental pay for both positions.
First we would note that we find no dual officeholding problem with the positions in question. This office has previously concluded that there is no prohibition with a full-time municipal police officer holding the local elective office of constable. Atty. Gen. Op. No. 94-609. It was observed that R.S. 42:63(D) prohibits an elected official from holding employment in the same political subdivision in which he holds an elective office but the political subdivision of a constable is the ward from which he is elected as opposed to the municipality in which he holds employment as a police officer. *Page 6 
Similarly, this office found no prohibition for a justice of the peace, who holds elective office, from holding full-time employment in a different political subdivision. R.S. 42:63(D) prohibits the simultaneous holding of positions where the employment is within the same political subdivisions in which he holds elective office. In Atty. Gen. Op. No. 94-619 it was noted that the justice of the peace courts and parishes are separate political subdivisions. Likewise, we find a justice of the peace court is in a separate political subdivision from that of employment as a municipal police officer.
However, as observed by this office in Atty. Gen. Op. Nos. 94-619 and 90-604, a town police officer may not concurrently hold office of the Justice of the Peace unless approved by the Judiciary Commission of the Supreme Court. Since the office of Justice of the Peace is considered a judicial office under the supervisory control of the Commission, they would ultimately determine whether the police officer in question may concurrently hold the office of Justice of the Peace by considering if there is conflict in time or duties in the exercise of both positions.
Such inquiry should be directed to Dr. Hugh Collins, Judicial Administrator, 301 Loyola Ave., New Orleans, La. 70112.
Having found no legal prohibition against holding the dual positions, we also find no prohibition relative to receiving supplemental pay for each position as established by the legislature for the position. Moreover, while the supplemental payments by the state do not constitute employment by the state, we would point out that it is only where there is full time employment by the state that other full time employment in the government of the state or political subdivision is prohibited.
R.S. 13:2591 provides "every" justice of the peace and "every" constable for each justice of the peace court in the state "shall be paid by the state an additional salary" provided funds are available and appropriated by the legislature.
R.S. 33:2218.2 provides in addition to the compensation now paid by any municipality to any police officer, "every" police officer employed by any municipality who devotes full working time to law enforcement "shall be paid by the state extra compensation".
We find no exceptions to the mandate that "every" justice of the peace, constable or municipal police officer be paid the additional salary as long as the amount is appropriated. Consequently, since we find no prohibition against the dual positions and no exceptions to the mandate for supplemental payments, we find nothing to *Page 7 
prevent the supplemental payments due under the law for each position.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
 Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:__________________________ BARBARA B. RUTLEDGE Assistant Attorney General
 BBR
[1] R.S. 42:62(9) provides: "political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's court, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.